**Matter of Julius Eugene LISTER and Ivis Jacob Lister, individually and trading as Woodbine Farms, Debtors.**

**No. 16935.**

United States District Court
E. D. Virginia,
Norfolk Division.

Oct. 7, 1959.

John M. Hollis, U. S. Atty., W. Farley Powers, Jr., Asst. U. S. Atty., Norfolk, Va., for plaintiff.

William P. Oberndorfer, Norfolk, Va., for receiver.

WALTER E. HOFFMAN, District Judge.

The single question presented on this review of the order of the Referee in Bankruptcy relates to the form used by the debtors in filing their federal income tax return.

An involuntary petition in bankruptcy was filed against the partnership known as Woodbine Farms on May 27, 1955. Thereafter, on June 17, 1955, the partnership was adjudged a bankrupt. Subsequent proceedings resulted in the filing of a petition for an arrangement under Chapter XI of the Bankruptcy Act, pursuant to § 321, 11 U.S.C.A. § 721, permitting such action after adjudication. The proposal for a business arrangement was confirmed and Henry Mount qualified as Receiver.

The Receiver caused to be filed, for the years 1955 and 1956, an informative partnership return on form 1065 entitled "U. S. Partnership Return of Income". The United States of America, acting by and through the District Director of In-

---

ternal Revenue, filed a petition before the Referee to require the Receiver to file a return on form 1041 entitled "U. S. Fiduciary Income Tax Return" and to pay the tax thereon. The petition requested relief for subsequent years as well. The Referee held that the returns were properly filed on form 1065. This review is on application of the United States.

The Referee relied upon Income Tax Regulations 111, § 29.142–4, holding in substance that a receiver in charge of the business of a partnership shall render a return on form 1065. The United States cites the opinion of the Chief Counsel, Bureau of Internal Revenue, issued in 1945[1] wherein it is said that the income of a *bankrupt* partnership estate, like that of a *bankrupt* individual's estate, should be taxed as income of an estate, and the returns of such estates should be made on form 1041. Counsel concede that, since the Internal Revenue Code of 1954, the former regulation (§ 29.142–4) has not been adopted as a regulation under the 1954 Act, and no further ruling has been issued by the Chief Counsel.

While the Referee's conclusion is correct, it is submitted that the question is controlled by § 397 of the Bankruptcy Act, 11 U.S.C.A. § 797, which provides in part:

> " * * * all taxes which may be found to be owing to the United States or any State from a debtor within one year from the date of the filing of a petition under this chapter, and have not been assessed prior to the date of the confirmation of an arrangement under this chapter, and all taxes which may become owing to the United States or any State from a receiver or trustee of a debtor or from a debtor in possession, shall be assessed against, may be collected from, and shall be paid by the debtor or the corporation organized or made use of for effectuating an arrangement under this chapter * * * "

It is, therefore, mandatory that the assessment *shall* run against the debtor under a Chapter XI proceeding. Clearly the return is properly filed on form 1065 as, for this purpose, the partnership continues to exist. Certainly it is true that two taxable entities are not created under a Chapter XI proceeding, where before only one had existed. In re Kepp Electric & Manufacturing Co., D.C., 98 F.Supp. 51, appeal dismissed by stipulation, United States v. Bennitt, 8 Cir., 191 F.2d 735.

The order of the Referee is affirmed.

1. Internal Revenue Bulletin, Cumulative Bulletin 1945, p. 237.